# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | Def. I.D. # 1810000958A and B |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| SHERWOOD N. BELFIELD, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |

Submitted: December 10, 2020

Decided: March 9, 2021

*Upon Petitioner's Motion for Postconviction Relief (R-1)*

**DENIED**

## MEMORANDUM OPINION AND ORDER

Sherwood N. Belfield, SBI# 00294822, Sussex Correctional Institution, P.O. Box 500 , Georgetown, DE 19947; Petitioner/Defendant.

Deputy Attorney General, Department of Justice, 114 East Market Street, Georgetown, DE 19947.

**KARSNITZ, J.**

# I. INTRODUCTION

On December 10, 2020, Sherwood N. Belfield ("Petitioner," "Defendant," or "Belfield") timely filed his first Motion for Postconviction Relief under Delaware Superior Court Criminal Rule 61 (the "Rule 61 Motion"). The Rule 61 Motion states four grounds for relief. This is my ruling on the Rule 61 Motion.

# II. BACKGROUND

Petitioner was originally charged with five offenses,[1] to which he pled not guilty, and requested a trial by jury. On October 21, 2019, this Court severed two charges[2] and on January 24, 2020, an entry of *nolle prosequi* was made with respect to two other charges.[3] On January 24, 2020, I accepted a guilty plea from Petitioner to the remaining charge of Drug Dealing with Aggravating Factors in Case #1810000958A and I also accepted a guilty plea from Petitioner to the two severed counts of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited in Case #1810000958B.

---

[1] Two counts of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited, Drug Dealing with Aggravating Factors, Possession of Drug Paraphernalia, and Receiving a Stolen Firearm.

[2] Two counts of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited.

[3] Possession of Drug Paraphernalia and Receiving a Stolen Firearm.

1

I held a full and complete colloquy with Petitioner and Trial Counsel as to whether Petitioner was entering his plea knowingly, intelligently, and voluntarily. Petitioner stated that he had reviewed the plea agreement and the truth-in-sentencing form with Trial Counsel, with whose representation he was satisfied, and that he understood the legal consequences of his guilty plea, including the waiver of certain constitutional rights.

On January 24, 2020, I also sentenced Petitioner as follows: for Drug Dealing with Aggravating Factors, 15 years of incarceration at Level 5 suspended for 6 years at Level 5, followed by 18 months at Level 3; for two counts of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited, 1 year at Level 4 Home Confinement, followed by 18 months at Level 3, to run concurrent with any Level 3 Probation.

Over the course of the next year, Petitioner filed three Motions for Modification, Reduction or Review of Sentence, all of which I denied. On September 21, 2020, Petitioner filed a Notice of Appeal with the Delaware Supreme Court with respect to my denials of these Motions. On November 6, 2020, the Delaware Supreme Court affirmed the judgment of this Court. On December 10, 2020, Petitioner filed his Rule 61 Motion, which is now ripe for adjudication.

## III. GROUNDS FOR RELIEF

Petitioner states four grounds for postconviction relief, which I summarize as follows:

I.   The search and seizure of certain evidence from Petitioner's vehicle were illegal under the Fourth Amendment, as incorporated into the Fourteenth Amendment, to the United States Constitution.

II.   Petitioner's confession was coerced and involuntary under the Fifth Amendment, as incorporated into the Fourteenth Amendment, to the United States Constitution.

III.   Petitioner's representation by Trial Counsel was ineffective under the Sixth Amendment, as incorporated into the Fourteenth Amendment, to the United States Constitution.

IV.   Petitioner has received inadequate medical care, in violation of the Eighth Amendment, as incorporated into the Fourteenth Amendment, to the United States Constitution.

## IV. PROCEDURAL BARS UNDER RULE 61(i).

Before addressing the merits of the Rule 61 Motion, I first address the four procedural bars of Superior Court Criminal Rule 61(i).[4] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[5] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-

---

[4] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

[5] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

3

conviction relief can be barred for time limitations, successive motions, failure to raise claims earlier in the proceedings, or former adjudication.[6]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[7] Since Petitioner filed his Rule 61 Motion within this one-year period, this bar does not apply.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.8 Since this is Petitioner's first Rule 61 Motion, this bar does not apply.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief" and "prejudice from [the] violation."[9] Ground I (Illegal Search and Seizure) and Ground II (Involuntary Confession) assert grounds for relief not previously asserted in the proceedings. In order to overcome the procedural bar of Rule 61(i)(3), Petitioner must show (1) cause for relief from the procedural default, and (2) prejudice from the violation of his rights. A showing of cause is not satisfied by merely showing that a claim was not raised. Petitioner must show that "some external impediment" prevented him from raising the claim.[10] To demonstrate

---

[6] Super. Ct. Crim. R. 61(i).
[7] Super. Ct. Crim. R. 61(i)(1).
[8] Super. Ct. Crim. R. 61(i)(2).
[9] Super. Ct. Crim. R. 61(i)(3).
[10] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

prejudice, Petitioner must show that a "substantial likelihood" exists that if the issue had been raised on appeal, the outcome would have been different.[11] Petitioner makes neither showing in this case. Thus, Grounds I and II are deemed waived and are procedurally barred.

Fourth, grounds for relief formerly adjudicated in the case are barred.[12] In this case, Ground III (Ineffective Assistance of Counsel ("IAC")) can only be raised in a motion for postconviction relief.[13] The IAC issues presented in the Motion were not formerly adjudicated because ineffective assistance of counsel claims are not addressed by the Delaware Supreme Court on direct appeal.[14] Therefore, the IAC claims made in Ground III of Petitioner's Motion are not procedurally barred.

In Ground IV (Inadequate Medical Care), Petitioner alleges that, when the Sussex Correctional Institution was locked down because of the COVID-19 pandemic, the State failed to give him face masks and separate him from other inmates because of his numerous comorbidities. He says he was severely ill with COVID-19 for over 90 days and asserts that the State thereby imposed unduly harsh penalties on him after his conviction and during his incarceration, in violation of the Eighth Amendment. While I view Petitioner's claims with great concern, as I

---

[11] *Flamer v. State*, 585 A.2d 736, 748 (Del. 1990).
[12] Super. Ct. Crim. R. 61(i)(4).
[13] *Id.* at 61(i)(3).
[14] *Id.* at 61(i)(4).

5

do all matters related to the COVID-19 pandemic, a Rule 61 Motion is not the appropriate vehicle for his claim. Ground IV is not a collateral attack on his conviction under Rule 61, but rather challenges the conditions of his incarceration *after* that conviction. There are other vehicles for Petitioner's claim, such as a motion for reduction of sentence under Delaware Rule of Criminal Procedure 35(b) or an application filed by the Delaware Department of Correction ("DOC") with the Board of Parole under 11 *Del. C.* § 4217. Therefore, I will not consider Count IV as relevant to the Rule 61 Motion.

In a case under Rule 35(b), this Court recently held in *State v. Bednash*, 2020 WL 2917305 (Del. Super. June 3, 2020):

> "The Eighth Amendment's protection against cruel and unusual punishment requires the government 'to provide medical care for those whom it is punishing by incarceration.' "[15] Specifically, it is the "deliberate indifference to serious medical needs of prisoners" that is prohibited by the Eighth Amendment.[16] "Deliberate indifference encompasses 'intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.' "[17]

Here, even if I treated Ground IV as a motion under Rule 35(b), Petitioner has failed to establish that he has a serious medical need which has been disregarded

---

[15] *Szubielski v. Correct Care Solutions, LLC*, 2014 WL 5500229, at *2 (Del. Ch. Oct. 31, 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

[16] *Johnson v. Connections Cmty. Support Programs, Inc.*, 196 A.3d 412, 2018 WL 5044331, at *2 (citing *Estelle*, 429 U.S. at 104).

[17] *Szubielski*, 2014 WL 5500229, at *3.

6

by the DOC.[18] Moreover, Petitioner has failed to proffer any factual basis for this claim that the DOC has intentionally denied or delayed his access to necessary medical care in violation of the Eighth Amendment. Other than Defendant's summary allegations that his comorbidities leave him vulnerable to COVID-19 and that the DOC has not provided adequate safeguards against COVID-19, Defendant has not proffered any facts indicating he is not receiving adequate medical care. Defendant's medical condition, as summarily alleged, does not establish "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b).[19] Moreover, I note that the DOC has not filed an application under 11 *Del. C.* § 4217.[20]

Finally, the four procedural bars to do not apply either to a claim that the Court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[21] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[22] Petitioner does not claim that he has new evidence that creates an inference of his actual innocence,

---

[18] *Id.* at *2 (holding that to succeed on an Eighth Amendment claim, the moving party must prove a serious medical need which the defendant disregarded).

[19] *See Valentine v. State*, 106 A.3d 1050, 2014 WL 7894374 (Del. 2014) (TABLE) (holding that the defendant's summary allegation of an untreated eye infection did not constitute extraordinary circumstances warranting a reduction of sentence under Rule 35(b)).

[20] *See Dula v. State*, 177 A.3d 47, 2017 WL 6398165, at *1 (Del. 2017) (TABLE) ("Under the plain language of Rule 35(b), 11 *Del. C.* § 4217 is the appropriate mechanism through which an offender may pursue a sentence modification based upon serious illness.").

[21] Super. Ct. Crim. R. 61(i)(5).

[22] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

or that a new retroactively applied rule of constitutional law renders his conviction invalid.

## V.     INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner states seven "supporting facts" to establish that he was ineffectively represented by Trial Counsel:

(1) Trial Counsel did not file a motion to suppress evidence;

(2) Trial Counsel did not go over his police report to review information favorable to him that would have helped him at his First Case Review;

(3) On Trial Counsel's advice, he rejected the State's first plea offer, which was better than the plea offer he ultimately accepted;

(4) His family had to pay for a new lawyer to thoroughly review the evidence in his case;

(5) Trial Counsel did not argue an illegal search and seizure with respect to certain evidence found in a vehicle;

(6) Trial Counsel did not point out that a DNA swab was not taken with respect to a weapon or drugs; and,

(7) All the foregoing resulted in a disproportionate sentence.

In my view, Trial Counsel represented Petitioner effectively and zealously. On December 31, 2018, I granted her request for leave to file a suppression motion within 10 days of her receipt of certain discovery items from the State. On January

8

17, 2019, Trial Counsel filed a Motion to Compel which, after being re-noticed several times, I denied on March 8, 2019, advising Trial Counsel to file her Affidavit in support of the Motion to Compel as soon as possible. On March 19, 2019, Trial Counsel filed her Affidavit, and on May 14, 2019, I again denied the Motion to Compel. Although the State agreed to produce certain additional evidence, it continued to object to the release of other evidence, including reports. I then reviewed the reports *in camera*. On June 27, 2019, Trial Counsel filed a Motion for a *Franks*[23] hearing and another Motion to Compel, and the State filed its response on July 26, 2019. On August 8, 2019, I held a hearing and denied both Motions, ruling that certain evidence could be presented at trial and cross-examined.

This all demonstrates Trial Counsel's zealous advocacy with respect to items (1) and (6) of Petitioner's "supporting facts." When I denied Trial Counsel's Motions, the case moved forward towards trial. The issue of illegal search and seizure under *Franks* was certainly preserved for direct appeal to the Delaware Supreme Court had Petitioner chosen to proceed to trial. I continue to stand by my denials of the Motions, and Petitioner has presented no new or additional evidence whatsoever on the issue of search and seizure and *Franks*, but merely his conclusory

---

[23] *Franks v. Delaware*, 438 U.S. 154 (U.S. 1978), which affirmed the right of defendants to challenge evidence collected in a search and seizure on the basis of a warrant granted on the basis of false statements by the affiant. In this case the Supreme Court held that, in certain defined circumstances, a defendant can attack an otherwise facially sufficient affidavit.

9

statement that I wrongly decided the Motions. I decline to allow Petitioner to relitigate the Motions.

With respect to Petitioner's "supporting fact" (3), Petitioner claims that his Trial Counsel in effect caused him to pass up an earlier, more favorable plea bargain. Although Petitioner chose to enter his guilty plea, he now claims that it resulted from Trial Counsel's inadequate representation. However, Petitioner has presented no new or additional evidence whatsoever to that effect, but merely his conclusory statements.

As stated above, I held a full and complete colloquy with Petitioner and Trial Counsel as to whether Petitioner was entering his plea knowingly, intelligently, and voluntarily. Petitioner stated that he had reviewed the plea agreement and the truth-in-sentencing form with Trial Counsel, with whose representation he was satisfied, and that he understood the legal consequences of his guilty plea, including the waiver of certain constitutional rights.

Petitioner does not argue the plea was not thoroughly discussed with Trial Counsel.[24] Further, he does not contend that Trial Counsel failed to provide him with the necessary information to enter a knowing plea. "A defendant's statements to the

_____

[24] *Foote v. State*, 38 A.3d 1254 (Del. 2012) (citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988)), at *1 ("The transcript of Foote's guilty plea colloquy reflects that he confirmed that he thoroughly discussed his plea with his attorney and was satisfied with the advice he received. In the absence of clear and convincing evidence to the contrary, Foote is bound by those representations.").

10

Court during a plea colloquy are presumed to be truthful, and pose a 'formidable barrier in any subsequent collateral proceedings.' "[25] It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea Form.[26] "When a defendant enters a guilty plea knowingly and voluntarily, he gives up his trial rights, including the right to challenge the evidence against him. Moreover, a knowing and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea, even those of a constitutional dimension."[27]

I continue to stand by my finding that Petitioner's guilty plea was knowing, intelligent and voluntary. I decline to allow Petitioner to relitigate that finding.

With respect to Petitioner's "supporting facts" (2), (4), (6) and (7), Petitioner brings three claims based on ineffective assistance of his Trial Counsel, and a fourth claim of the cumulative effect of those three claims on his sentence, which claims are assessed under the two-part standard established in *Strickland v. Washington*,[28] as applied in Delaware.[29] Under *Strickland*, Defendant must show that (1) Trial Counsel's representation "fell below an objective standard of reasonableness" (the

---

[25] *State v. Rogers*, 2019 WL 2153312, at *2 (Del. Super. Ct. May 15, 2019) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

[26] *State v. Snell*, 2020 WL 5759141, at *2 (Del. Super. Ct. Sept. 28, 2020).

[27] *State v. Rogers, supra*, at *2.

[28] 466 U.S. 668 (1984).

[29] *Albury v. State*, 551 A.2d 53 (Del. 1988).

11

"performance part"); and (2) the "deficient performance prejudiced [his] defense." (the "prejudice part").[30] In considering the performance part, the United States Supreme Court was mindful that "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[31] *Strickland* requires an objective analysis, making every effort "to eliminate the distorting effects of hindsight" and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[32] "[S]trategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based."[33]

As to the performance part, Petitioner must demonstrate that Trial Counsel's (1) failure to seek redactions to Petitioner's statement (which contained vouching), (2) statement to the jury, and implication while questioning witnesses, that Petitioner had a criminal history, and (3) general trial strategy, as discussed more fully below, were unreasonable decisions. In my view, Trial Counsel's decisions were reasonable strategic decisions under the performance part of the *Strickland* test.

---

[30] *Id.* at 687.
[31] *Id.* at 690.
[32] *Id.* at 689.
[33] *Id.* at 681.

12

As to the prejudice part, Petitioner must demonstrate that there exists a reasonable probability that, but for Trial Counsel's unprofessional errors, the outcome of the trial would have been different.[34]  Even if Trial Counsel's performance were professionally unreasonable, it would not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[35]  A showing of prejudice "requires more than a showing of theoretical possibility that the outcome was affected."[36]

*Strickland* teaches that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in a particular order, or even to address both parts of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant because of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.[37]  In every case, the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a

---

[34] *Albury,* at 687; *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[35] *Strickland,* at 691.
[36] *Frey v. Fulcomer,* 974 F.2d 348, 358 (3d Cir. 1992).
[37] *Strickland,* at 697.

breakdown in the adversarial process that our system counts on to produce just results.[38]

In this case, Petitioner has not demonstrated that there exists a reasonable probability that, but for Trial Counsel's alleged errors, the outcome of the case would have been different.

## VI.    CONCLUSION

Since it plainly appears to me from the Rule 61 Motion and the record of prior proceedings in this case that Petitioner is not entitled to relief, I am entering an order for its summary dismissal[39] and causing Petitioner to be so notified. Given the clarity of the record, I am not ordering a response from the State,[40] an expansion of the record (including affidavits from Trial Counsel),[41] or an evidentiary hearing.[42]

Petitioner Sherwood N. Belfield's Motion for Postconviction Relief is **DENIED.    IT IS SO ORDERED.**

/s/_____
Craig A. Karsnitz

cc: Prothonotary

---

[38] *Id.* at 696.
[39] Super. Ct. Crim. R. 61(d)(5).
[40] Super. Ct. Crim. R. 61(f).
[41] Super. Ct. Crim. R. 61(g).
[42] Super. Ct. Crim. R. 61(h).

14